Gregory A. POPE, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART
Defendant–Appellee.

Docket No. 02–6193.

United States Court of Appeals,
Second Circuit.

Feb. 24, 2003.

---

David C. Douglas, Jackson, Balkin & Douglas, Lockport, New York, for Appellant.

Karen M. Ortiz, Assistant Regional Counsel, Social Security Administration, New York, New York, for Appellee.

Present: LEVAL, F.I. PARKER, Circuit Judges, and KAPLAN,* District Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Appellant Gregory A. Pope appeals from a January 10, 2002 order and decision affirming the final decision of defendant-appellee that Pope was ineligible for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423 *et seq.* Pope alleges that because of a heart condition and the medication required to treat it, he is totally disabled and permanently unable to do any gainful work.

We may set aside a decision of the Commissioner that is based upon legal error or not supported by substantial evidence. 42 U.S.C. § 405(g); *Yancey v. Apfel,* 145 F.3d 106, 111 (2d Cir.1998).

* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

■ Pope argues that the decision was not supported by substantial evidence because the Administrative Law Judge ("ALJ") did not give controlling weight to the opinions of his treating doctors. A treating doctor's opinion is given controlling weight on issues not reserved for the Commissioner if it is "well-supported by medically acceptable clinical laboratory diagnostic techniques and is not inconsistent the other substantial evidence." 20 C.F.R. § 404.1527(d)(2). The one doctor to find, based on his own assessment, that Pope had was unable to work was Pope's general physician. He stated that Pope suffers from "extreme fatigue" that is "debilitating" and that requires "frequent rest," such that Pope is "completely disabled." His opinion that Pope is "completely disabled" may not be given controlling weight because this issue is reserved for the Commissioner. 20 C.F.R. § 404.1527(c)(1). His other opinions need not be given controlling weight because they conflict with substantial evidence. Pope's cardiologist's notes strongly suggest that he believed Pope was precluded only from certain (high stress) jobs. Two agency review physicians concluded that Pope could sit or stand for six hours at a time with only normal breaks. While the agency reviewer assessments fall short of the requirements of 20 C.F.R. § 404.1527(f)(1), they were not so vague as to be of no evidentiary value. *Cf. Curry v. Apfel*, 209 F.3d 117, 123 (2d Cir.2000).

■ Pope also argues that the ALJ erred by not considering and commenting on the entire record, and by mischaracterizing Pope's testimony. The ALJ must "review all of the evidence relevant" to a claim under 20 C.F.R. § 404.1527(c), but he does not err by failing to explicitly mention all of that evidence. Similarly, the ALJ's characterization of Pope's testimony is reasonable.

■ In addition, Pope argues that the ALJ erred by making a decision based on inconsistencies in the record. An ALJ has an independent duty to resolve ambiguities and inconsistencies. *See* 20 C.F.R. § 404.1527(c)(3) & (4); *cf. Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir.1999). However, where the inconsistencies do not appear resolvable, the ALJ may decide based on the available evidence. 20 C.F.R. § 404.1527(c)(4). The inconsistencies here appeared to be irreconcilable differences of opinion.

■ We conclude by finding that there was substantial evidence to support the ALJ's decision. Since the ALJ found that Pope showed he could not perform his past work, the ALJ had the burden of proving that Pope could do other work. *See Curry v. Apfel*, 209 F.3d at 123. The ALJ met this burden. The reviewing doctors found that he could sit or stand for six hours at a time, and his treating cardiologist characterized Pope as an ideal candidate for cardiovascular rehabilitation. Pope testified that he exercised, attended community meetings, drove, and engaged in light activities. In addition, an occupational expert testified Pope was qualified for a variety of low stress, sedentary jobs.

For the foregoing reasons, the judgment of the district court is AFFIRMED.